FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 1 2 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FORTINO SOLIS,

       Petitioner,

-against-

DALE ARTUS,

       Respondent.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-386 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

  Petitioner Fortino Solis ("Solis"), proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 4, 2002 conviction in New York Supreme Court, Queens County, for second degree murder and fourth degree criminal possession of a weapon. (Pet. (Docket Entry # 1) at 1.) For the reasons set forth below, Solis's petition is denied.

## I. BACKGROUND

  On August 18, 2001, Solis stabbed Victor Gomez ("Gomez") to death outside of a nightclub in Queens, New York. (Trial Decl. (Docket Entry # 9) ¶¶ 4-5.) The police arrested Solis a week later and, on August 27, 2001 placed him in an in-person lineup. (Id. ¶¶ 8-9.) Solis was positively identified as the murderer by two eyewitnesses to the attack. (Id. ¶ 9.) On October 4, 2002, after a jury trial, Solis was convicted of second degree murder and fourth degree criminal possession of a weapon, a fifteen-inch long knife used to murder Gomez. (Id. ¶¶ 8, 15.)

  Solis appealed his conviction on the grounds that the People failed to prove his mens rea—depraved indifference—beyond a reasonable doubt; that the verdict was otherwise against the weight of the evidence; and that the lineup was unduly suggestive. (Id. ¶ 16.) On September

1

25, 2007, the New York Supreme Court, Appellate Division, Second Department, affirmed Solis's convictions. People v. Solis, 842 N.Y.S.2d 83 (2d Dep't 2007). Solis then petitioned for leave to appeal to the New York Court of Appeals; on December 21, 2007, the Court of Appeals denied Solis's request. People v. Solis, 9 N.Y.3d 1009 (2007). Solis then moved for reconsideration, which the Court of Appeals denied on March 26, 2008. People v. Solis, 10 N.Y.3d 817 (2008). Solis filed his petition for a writ of habeas on January 23, 2009. (Pet.)

## II. STANDARDS OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle

2

from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

In assessing "clearly established" federal law, a federal district court must confine itself to the holdings, as opposed to the dicta, of the Supreme Court. See Carey v. Musladin, 549 U.S. 70, 74 (2006). Moreover, "Musladin admonishes courts to read the Supreme Court's holdings narrowly and to disregard as dicta for habeas purposes much of the underlying logic and rationale of the high court's decisions." Rodriquez v. Miller, 499 F.3d 136, 140 (2d Cir. 2007); see also Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004). ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.").

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

## III. DISCUSSION

### A. Weight of Evidence Claim

Solis incorporates the arguments in his appeal to the Appellate Division in his current petition. He includes the state law claim that the conviction of depraved indifference murder was against the weight of the evidence. "[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus." McKinnon

3

v. Superintendent, Great Meadow Correctional Facility, 422 Fed. App'x. 69, 75 (2d Cir. 2011) (citing Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001)). Accordingly, this court is precluded from considering the claim. See 28 U.S.C. § 2254(a) (federal habeas corpus review is permitted only where petitioner alleges a violation of "the Constitution or a federal law or treaty.").

### B. Sufficiency of the Evidence Claim

Solis claims that the evidence presented at trial was insufficient to establish that he acted with "depraved indifference," as required by New York Penal Law § 125.25(2), the statute under which Solis was convicted. (Pet. at 5.) The sufficiency of the evidence claim was raised on direct appeal, and the Appellate Division dismissed it as unpreserved. See Solis, 842 N.Y.S.2d 83 at 85. Accordingly, this claim is procedurally barred.

A procedural bar to habeas corpus review is appropriate where the claim was decided at the state level on adequate and independent procedural grounds. Fore v. Ercole, 594 F. Supp.2d 281, 288 (E.D.N.Y. 2009) (citing Coleman v. Thompson, 501 U.S. 722, 729-33 (1991)). "Where an appellate court finds a petitioner's legal-insufficiency-of-evidence-claim to be unpreserved for appellate review, this procedural waiver under state law constitutes an independent and adequate state ground that bars federal consideration of the substantive claim on habeas corpus." Kiejliches v. Perez, No. 07-CV-2397 (NGG) 2011 WL 3348075 at *4 (E.D.N.Y. 2011) (internal quotation marks and citations omitted). "The procedural bar applies when a state court's decision contains a 'plain statement' that it is relying on an appropriate state law to deny a claim." Fore, 594 F. Supp.2d 281 at 288 (quoting Michigan v. Long, 463, U.S. 1032, 1042 (1983)). The Appellate Division provided a "plain statement" that it was relying on an appropriate state law to deny the claim: "The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to convict him of depraved indifference

4

murder (see CPL 470.05[2])." Solis, 43 A.D. 3d at 85. Additionally, the court cited numerous New York State cases. Id.

The claim was not preserved because Solis's counsel did not make a motion during trial specifically raising a claim of insufficient evidence. At trial, Solis's counsel, upon completion of the People's case, moved for a trial order of dismissal on the ground that none of the elements of the various charges were "made out by the people's case." (Trial Transcript at 648.) The trial court reserved decision until after the verdict was read, and at that time, denied the motion. (Id. at 806.) The New York Court of Appeals has held that more than a general motion to dismiss is required to preserve a specific claim: "A defendant must make his or her position known to the court . . . . [T]he preservation requirement compels that the argument be specifically directed at the alleged [deficiency]." People v. Gray, 86 N.Y.2d 10 at 19-22 (1995) (internal quotation marks omitted). See also Fore, 594 F. Supp.2d at 289; King v. Artus, 259 Fed. App'x. 346, 347 (2d Cir. 2008).

"Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice." Id. (citing Coleman, 501 U.S. at 749-50). Solis has not submitted anything to this court to demonstrate either. Accordingly, a review on the merits is precluded.

### C. Unduly Suggestive Lineup Claim

Solis claims that the state trial court improperly admitted evidence from a lineup which was "unduly suggestive and made it inevitable that [Solis] would be misidentified as [the] assailant." (Pet. at 59.) See Manson v. Braithwaite, 432, U.S. 98, 106 (1977) (suggestive

lineups violate due process unless they possess independent indicia of reliability). Solis points to the pedigree information of the fillers, i.e., the people in the lineup besides himself, as greatly differing from his own. In denying the appeal, the Appellate Division concluded that the "fillers reasonably resembled the defendant" and thus "the lineup was not unduly suggestive." Solis, 842 N.Y.S.2d 83 at 84. The court noted that any height discrepancy was minimized since the lineup participants were seated. Id.

A lineup is "unduly suggestive as to a given defendant if he meets the description of the perpetrator previously given by the witness and the other lineup participants obviously do not." Raheem v. Kelly, 257 F.3d 122, 134 (2d Cir. 2001). An eyewitness to the stabbing described the assailant as "Mexican in appearance, about six feet tall and slender with spiky Indian-style black hair." (Pet. at 59.) Petitioner, citing to his appeal to the Appellate Division, claims that four of the other lineup participants were only five-feet tall and one was five-feet, five-inches tall, with weights ranging from 140 pounds to 190 pounds. Individuals with these characteristics would be noticeably quite different from both Solis, who is six-feet tall, 175 pounds, and the witness description of a slender six-foot assailant, even if sitting down. However, the police lineup report, which includes photographs of the lineup, lists the heights of the other lineup participants as ranging from five-feet, four-inches to five-feet, ten-inches. (Aug. 27, 2001 Lineup Report.) The police report's description of the lineup participants does not indicate any obvious discrepancy between the participants and the witness description. Although the lineup participants were not all six feet tall, there is no requirement that they needed to be. See U.S. ex rel. Pella v.Reid, 527 F.2d 380, 384 (2d Cir. 1975) (finding that a lineup including men of varying heights "does not by itself warrant a finding of unnecessary suggestiveness.") See also Roldan v. Artuz, 78 F.Supp. 2d 260, 272-73 (S.D.N.Y. 2000) (discussing Second Circuit case

law on lineup participants' height differences.) Furthermore, as the Appellate Division noted, the fact that the lineup was conducted with participants sitting down, eliminated the minor height disparities. Solis, 842 N.Y.S.2d 83 at 84, see also Roldan, 78 F.Supp. 2d 260 at 273. The Appellate Division's conclusion that the lineup was not suggestive is therefore reasonable and habeas corpus relief on this claim is not warranted.

### D. Actual Innocence Claim

Solis raises the additional claim of actual innocence in his petition. This claim has not been raised on appeal previously and Solis does not provide any supporting facts. Instead, he states that he has "yet to unearth all the exculpatory evidence [and expects] a CPL 440.30 application for DNA testing to be filed in the near future." (Pet. at 10.) Although not exhausted, the court denies the claim on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); see also Rhines v. Weber, 544 U.S. 269, 277 (2005) ("[E]ven if a petitioner had good cause for [failing to present his claims first to the state courts], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). After this petition was filed, the New York State Supreme Court denied a 440.30 application made by Solis; however this was in regard to evidence that was already submitted during trial. (See J. Aloise Mem. attached to Letter (Docket Entry # 17).) Solis's claim of actual innocence based on new evidence is thus unexhausted. However, the court denies the claim on the merits because Solis has presented no new exculpatory evidence and thus his claim is plainly meritless.

## IV. CONCLUSION

Petitioner's petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue because Solis has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 12, 2012

NICHOLAS G. GARAUFIS
United States District Judge